### Alfred N. Deming, Administrator, Appellee, v. The Prudential Insurance Company of America, Appellant.

#### (Not to be reported in full.)

Appeal from the City Court of Herrin; the Hon. WILLIAM W. CLEMENS, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed July 28, 1914. Rehearing denied and opinion modified October 28, 1914.

### Statement of the Case.

Action by Alfred N. Deming, administrator of the estate of Claud Deming, deceased, against The Prudential Insurance Company of America to recover the amount of two life insurance policies issued by defendant on the life of plaintiff's intestate. One of the policies was for $100 and the other for $500.

The declaration contained two counts, each declaring on one of the policies and setting it out in full. To the

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

declaration five special pleas were filed. The first averred that by the policy the liability of defendant was limited to a return of the premiums paid, if the insured was not in sound health. Pleas 2, 3 and 4 set forth certain questions and answers thereto contained in the application for insurance, with reference to the health of the insured. The fifth plea set out a question and answer in the application as to whether either parent or a brother or sister died of consumption, and averred that the answers were false. To the first plea a replication was filed stating that defendant's agent was informed by the insured when the application was made that he was in sound health. The replication to pleas 2, 3, 4 and 5 stated that the answers relied upon in said pleas as a defense were written by defendant's agent without the knowledge and consent of the insured. Plaintiff had a verdict and judgment for $507.10. To reverse the judgment, defendant appeals.

This case was before the Appellate Court on a former appeal in 169 Ill. App. 96.

John M. Herbert and Denison & Spiller, for appellant.

Schwartz & Hays, for appellee; Morgan, Gallimore & Kendall, of counsel.

Mr. Justice Harris delivered the opinion of the court.

### Abstract of the Decision.

1. Insurance, § 331*—*when provision requiring sound health of insured waived by knowledge of agent.* A provision in a life insurance policy that if the insured is not in sound health when the policy is issued, the liability is limited to a return of the premiums paid, *held* waived where the agent of the insurer was informed that the insured was not in good health at the time, and this though the agent was not informed of the nature and kind of the ailment.

2. INSURANCE, § 684*—*when question of waiver of provision in policy is for jury.* In an action of a life insurance policy containing a provision that if the insured was not in sound health when the policy was issued the liability of the company should be limited to a return of the premiums, *held* that where the evidence tended to show that defendant's agent was notified that the insured was not in sound health, the court did not err in refusing to direct a verdict for defendant on the ground that the evidence did not show the defendant was not informed of the nature and kind of the ailment.

3. APPEAL AND ERROR, § 1401*—*conclusiveness of verdict.* The Appellate Court will not disturb a verdict as against the manifest weight of the evidence unless it is apparent that the evidence, if standing, alone is insufficient to support a verdict or the verdict is contrary to the evidence.

4. APPEAL AND ERROR, § 1408*—*when verdict may be set aside.* The Appellate Court is warranted in disturbing the verdict of a jury as against the manifest weight of the evidence when the evidence considered most favorably in support of the verdict is so unsatisfactory from its kind or character, or where something has been said or done during the trial that impresses the court that the verdict is without evidence to support it or is the result of passion or prejudice.

5. APPEAL AND ERROR, § 1410*—*grounds for disturbing verdict,* The question of the number of witnesses, weight of evidence and credibility of the witnesses is not a sufficient ground to justify the court in disturbing a verdict.

6. APPEAL AND ERROR, § 1561*—*when refusal of requested instruction harmless.* A party is not entitled to a repetition of the law in his instructions, and has no right to complain if the court selects from his instructions those regarded by his counsel as the least important so long as the law involved is given to the jury as asked by him.

7. APPEAL AND ERROR, § 1733*—*conclusiveness of decision on former appeal.* A decision of the Appellate Court on a former appeal in passing on instructions given and the admissibility of certain evidence, *held* conclusive on a subsequent appeal where the cases were tried on the same issues with practically the same instructions and the evidence offered being the same.

8. APPEAL AND ERROR, § 1514*—*when improper remarks of counsel not prejudicial.* Improper remarks of counsel *held* not reversible error where nothing was said which appealed to sympathy or prejudice or was even disrespectful, except that counsel had spoken when not spoken to and replied when no reply was necessary.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.